## SHUTE v. DICKSON COTTON MILLS.

### (Filed March 31, 1903.)

CONTRACTS—*Construction—Brick—Sales.*

> A contract for the sale of brick, two-thirds hard and one-third soft, kiln run, does not require the purchaser to take the brick if the proportion is more than one soft for two hard brick, and if the proportion of soft brick delivered is greater he is entitled to an abatement from the price.

ACTION by J. Shute & Son   against the Dickson Cotton Mill, heard by Judge *W. S. O'B. Robinson* and a jury, at Au-

gust Term, 1902, of the Superior Court of UNION County. From a judgment for the plaintiff, the defendant appealed.

*Redwine & Stack,* for the plaintiff.
*Adams & Jerome,* for the defendant.

CLARK, C. J.   This was an action for the recovery of balance due on sale of brick.   The contract was for "two thirds hard and one-third soft, kiln-run" at $4.35 per M f. o. b. The defence is that more than one-third were soft brick and that a large proportion of them were almost unburnt and hence worthless.   There was contradictory evidence on this point.   The court charged the jury that "under the contract if the jury, should find from the evidence that the term 'kiln-run' meant all brick between the casings, then defendant was bound to take and pay for all between the casings, including bats and soft brick.   Defendant was not bound to take soft brick that had never been burned at all."   Defendant excepted.

There was error.   This instruction gave to the word "kiln-run" a meaning that destroyed entirely the other words "two-thirds hard and one-third soft."   Construing the whole sentence the contract was that the defendant was to take all between casings i. e. including bats, where a brick was not broken into more than two pieces (on the evidence) but none the less the proportion was not to exceed one soft brick for two hard, and whatever the brick delivered lacked of being as valuable as if they had been in that proportion, entitles the defendant to an abatement in the recovery to that extent.

New trial.